UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sandra Baskin<br>4095 Lebanon Rd<br>Danville, KY 40422<br><br>and<br><br>Kenneth Baskin<br>4095 Lebanon Rd<br>Danville, KY 40422<br><br>Plaintiffs,<br><br>v.<br><br>NCO Financial Systems, Inc<br>c/o CT Corporation System, Registered Agent<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br><br>Defendant. | FILED: JANUARY 13, 2009<br>Case No.: 09CV197<br>Judge: JUDGE ST.EVE<br>MAGISTRATE JUDGE NOLAN<br>RCC<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because Defendant resides in this judicial district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Kenneth Baskin ("Kenneth") incurred a "debt" as defined by 15 U.S.C. §1692a(5).

3. Plaintiff Sandra Baskin is Kenneth's wife.

4. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §1692a(3) and 15 U.S.C. §1692c(d).

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

1

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around September 17, 2008, Defendant telephoned Kenneth's mother ("Annie").

9. During this communication, Defendant disclosed that Plaintiffs owed the debt.

10. During this communication, Defendant misrepresented that Annie was also responsible for the debt.

11. During this communication, Defendant threatened to take legal action against both Plaintiffs and Annie.

12. During this communication, Annie notified Defendant that Annie was not involved with Plaintiffs' financial matters and refused to provide Defendant with further information.

13. Despite Annie's notice, Defendant telephoned Annie on at least one occasion thereafter in an effort to collect the debt.

14. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiffs owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during communications in furtherance of debt collection.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

26. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of Private Facts

28. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

29. Defendant disclosed information about Plaintiffs' private life to Annie.

30. Annie is a member of Plaintiffs' family and has a special relationship with Plaintiffs.

31. Defendant's disclosure to Annie is highly offensive to a reasonable person.

32. The matter disclosed is not of legitimate concern to the public.

## JURY DEMAND

33. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff